UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
05-MJ-356 AJB

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER OF DETENTION** |
| ) | |
| BRUCE W. BETCHER, ) | |
| ) | |
| Defendant. ) | |

This matter came before the Court on September 30, 2005, for a preliminary examination and hearing on the motion of the United States for an Order of Detention.  The defendant was present and represented by his attorney Thomas Shiah.  The United States was represented by Assistant United States Attorney Erica MacDonald.

Defendant Bruce Betcher is charged with production of child pornography, in violation of 18 U.S.C. § 2251.  Based on the evidence presented at the hearing and the arguments of counsel, the Court concludes the underlying facts mandate an issuance of an Order for Detention.

### FINDINGS OF FACT

1. The evidence presented at the hearing established probable cause to believe that the defendant committed the crime of production of child pornography, in violation of 18 U.S.C. § 2251.

2. There is probable cause to believe that the defendant used his

   two minor granddaughters, ages 10 and 12, to produce the child pornography, as well as at least four other minor children from the Burnsville area.

3. The weight of the evidence against the defendant is very strong. At least one of the minor females has identified the defendant as having manufactured the pictures. Another minor female saw defendant touch the breast and vagina of at least one of his granddaughters.

4. The defendant is facing a substantial amount of time if convicted of the instant offense, namely a fifteen year mandatory minimum term of imprisonment and a maximum term of imprisonment of 30 years.

## DISCUSSION

A defendant may be detained pending trial if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (citations and quotations omitted); 18 U.S.C. § 3142(c), (e), and (f). A defendant may also be detained pending trial if the government shows by a preponderance of the evidence that no condition or set of conditions will reasonably assure the defendant's appearance as required. Id.

When there is probable cause to believe that the defendant used a minor to produce child pornography, there is a rebuttable

presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  18 U.S.C. § 3142(e).  "In a presumption case such as this, a defendant bears a limited burden of production -- not persuasion -- to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight."  Abad, 350 F.3d at 797.

In this case, the defendant has not produced sufficient evidence to rebut the presumption.  To the contrary, the evidence is clear and convincing that defendant is a danger to the community.  First, there is probable cause to believe that the defendant committed the crime of production of child pornography, which is a crime of violence.  18 U.S.C. § 3156(a)(4)(c).  There is also probable cause to believe that the defendant used his two minor granddaughters, of which he was the legal guardian, as well as four other minor females, to produce child pornography.  As such, he is a clear danger to the community.  See Abad, 350 F.3d at 797.

The preponderance of the evidence also shows that the defendant presents a risk of flight.  The defendant faces a substantial amount of time if convicted of the instant offense and the weight of the evidence against him is very strong.

## CONCLUSION

Based upon the evidence presented, the Court concludes that the

government has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community and the defendant's appearance in court. Accordingly,

    IT IS HEREBY ORDERED that:

    1.   The motion of the United States for detention of defendant is granted;

    2.   Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences of being held in custody pending trial;

    3.   Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

    4.   Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated:    October 11, 2005    <u>s/ Susan Richard Nelson</u>
                                           SUSAN R. NELSON
                                           United States Magistrate Judge